UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLAS SQUIRES, | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:21-0690 |
| v. | : | (JUDGE MANNION) |
| C.O. 1 PESLIS, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I. Background**

Plaintiff, an inmate formerly confined[1] in the State Correctional Institution, Camp Hill, ("SCI-Camp Hill"), Pennsylvania, originally filed the above captioned civil rights action pursuant to 42 U.S.C. §1983 in the Court of Common Pleas for Centre County. (Doc. 1). By Notice of Removal dated April 13, 2021, Defendants removed the action to the Middle District. Id.

Plaintiff claims that while he was housed at SCI-Camp Hill, he was subjected to verbal harassment, excessive force, inadequate medical

---

[1] Subsequent to the filing of the above captioned action, Plaintiff, was transferred to the Rockview State Correctional Institution, Bellefonte, Pennsylvania and then released from custody. See http://inmatelocator.cor.pa.gov/#/Result. Because Squires has an obligation to keep the Court informed of his address change, and has failed to do so, the Court deems Plaintiff to have abandoned the lawsuit and will dismiss the above captioned action.

treatment, and cruel and unusual punishment. (Doc. 1). The only relief sought by Plaintiff was that "Defendants must be enjoined from continuing in unconstitutional practices, policies, practices, customs, regulations or procedures." Id.

Presently before the Court is Defendants' motion for summary judgment. (Doc. 14). Defendants' sole argument is that they are entitled to summary judgment as a matter of law because Plaintiff was transferred from the SCI-Camp Hill to SCI-Rockview, and such transfer renders his only request for injunctive relief moot. (Doc. 16). While this is true, the Court notes that subsequent to his transfer to SCI-Rockview, Plaintiff was released from custody. Thus, for the reasons set forth below, the Court will dismiss the above caption action for Plaintiff's failure to prosecute.

II. **Discussion**

On April 13, 2021, Plaintiff was provided with this Court's Instruction for Filing a Complaint by a *Pro Se* Plaintiff. (Doc. 2-2). It informed Plaintiff of the following with regard to a change of address notice:

> Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current

>address on file with the Clerk's Office may result in dismissal of your case.

Id. Plaintiff has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18 and the Court is unable to communicate with Plaintiff at his address of record.

Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429–30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454–55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007).

- 3 -

Plaintiff's last communication with this Court was a July 12, 2021 request for production of documents. (Doc. 7). A search of the Pennsylvania Department of Corrections computerized Inmate Locator revealed that Mr. Squires is not in the custody of the Pennsylvania Department of Corrections. Plaintiff's failure to provide his current address has prevented this matter from proceeding.

Based on these circumstances, the Court concludes that Plaintiff is no longer interested in pursuing his pending claims. Accordingly, it would be a waste of judicial resources to allow this action to continue. The Court's inability to communicate with Plaintiff is solely the result of his own inaction and renders ineffective any sanction short of dismissal. See Poulis, 747 F.2d at 868-69.

### III. Conclusion

For the foregoing reasons, the Court will dismiss the above captioned action with prejudice for failure to prosecute and to comply with this Court's Local Rule 83.18.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 29, 2022**
21-0690-01